UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY STEWART,

    Plaintiff,

v.

JONAH SCHREINER, et al.,

    Defendants.

Case No. 2:23-cv-00277-MMD-NJK

ORDER

The Court granted Plaintiff's application to proceed *in forma pauperis* subject to his payment of a partial filing fee. Docket No. 3. Plaintiff has made that partial payment. Docket No. 4. Accordingly, the Court will herein screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915.[1]

**I.    STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).  Although the Court construes complaints drafted by *pro se* litigants liberally, they still must comply with the basic requirements of Rule 8, *see, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

**II.    ANALYSIS**

Plaintiff appears to be bringing three claims:  (1) that Defendant Jonah Lee Schreiner and a Doe Defendant used excessive force in his arrest; (2) that Defendant Nicolette Joy Hawkin stated that it would be funny to charge Plaintiff with crimes he did not commit; and (3) that Doe Defendants at the Clark County Detention Center were deliberately indifferent to Plaintiff's medical needs.  The complaint also identifies in the caption LVMPD as a defendant, *see* Docket No. 1-1, but the complaint lacks allegations regarding LVMPD.  The Court will screen each claim below.

     A.    <u>Excessive Force</u>

Plaintiff's complaint asserts a claim against Defendant Schreiner and an arresting Doe Defendant for excessive force.  Docket No. 1-1 at 3, 5.  A plaintiff states a claim under 42 U.S.C. § 1983 by alleging that a right secured by the United States Constitution or statutory law has been violated, and that the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Allegations that law enforcement officers used excessive force in

arresting a plaintiff may establish a violation of the Fourth Amendment. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013). Whether force used is constitutionally excessive turns on the objective reasonableness of the force used. *Id.*

In this case, Plaintiff alleges that he was at a stop light when he was arrested. Docket No. 1-1 at 2. Plaintiff alleges that Defendant Schreiner slammed Plaintiff's head on the hood of a patrol car. Docket No. 1-1 at 3. Plaintiff alleges that the arresting Doe Defendant pushed Plaintiff's arms up between his shoulder blades, while handcuffed, with his hands up by the back of his neck. *Id.* Plaintiff also alleges that the Doe Defendant applied his handcuffs tightly so as to cut into Plaintiff's wrists. *Id.* Construing Plaintiff's complaint liberally and considering that this case is only at the screening stage, these allegations are sufficient to state a potentially cognizable § 1983 claim for excessive force against Defendant Schreiner and the arresting Doe Defendant.[2]

B.  Statement Regarding False Charges

Plaintiff's complaint asserts a claim against Defendant Hawkin for stating that it would be funny to charge Plaintiff with crimes he had not committed. Docket No. 1-1 at 3, 5. No other factual allegation is provided on this issue. In this regard, the complaint fails to satisfy the Rule 8 requirement to provide the basic factual premise on which a claim is predicated. The complaint does not, for example, allege that false charges were actually brought against Plaintiff. The complaint also does not allege what role Defendant Hawkin played (if any) with respect to any allegedly false charges brought by the prosecutor. Lastly, the complaint does not allege whether Plaintiff was convicted on any allegedly false charges that were filed.[3] Accordingly, this claim is subject to dismissal with leave to amend.[4]

---

[2] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

[3] Plaintiff filed this suit while in prison, *see* Docket No. 1-1 at 1, so he has been convicted in his criminal case. Plaintiff cannot generally bring a §1983 case to challenge charges on which he has been convicted. *See Heck v. Humphrey,* 512 U.S. 477, 484 (1994).

[4] In addition to the failure to provide factual allegations supporting the substance of the claim, it is not clear that this claim is sufficiently related to the other parts of the complaint such that it is properly joined in a single case. *See* Fed. R. Civ. P. 20(a)(2). The Court will defer making a determination on that issue, however, given the lack of factual allegations in the complaint.

### C. Deliberate Indifference to Medical Needs

Plaintiff's complaint asserts a claim against Doe Defendants at the Clark County Detention Center for deliberate indifference to Plaintiff's medical needs. Docket No. 1-1 at 4. Pretrial detainees may raise inadequate medical care claims under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). The Court evaluates these claims under an objective deliberate indifference standard. *Id.* at 1125. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Id.* A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

In this case, Plaintiff alleges in conclusory fashion that he was in pain when he arrived at Clark County Detention Center, that he asked various detention Doe Defendants to see medical personnel, and that they responded by laughing. Docket No. 1-1 at 4. Plaintiff also alleges that he did not see medical staff "[w]ithin the 24 hours [he] was at C.C.D.C.," but that he was later told by a doctor that he had nerve and shoulder damage. *Id.* Hence, although not entirely clear, the complaint appears to allege that Plaintiff was provided medical care one day after it was requested. The complaint also does not on its face allege that the Doe Defendants failed to take action in arranging prompt medical treatment.[5]

This claim also fails to satisfy the requirements of Rule 8. The complaint does not allege that medical care was denied (deliberately or otherwise) and, instead, appears to allege a one-day

---

[5] The complaint alleges that Plaintiff "ask[ed] several c/o and sargents [sic] if [he] can see medical person[nel]. They laughed and said [he] had a new tattoo in reference to [his] injuries." Docket No. 1-1 at 4. Whether the detention Doe Defendants laughed upon receiving this request is quite distinct from whether they took action to arrange for medical care.

delay in care. A delay in providing medical care to a prisoner does not, standing alone, typically constitute an Eighth Amendment violation. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980) (holding that three-day delay in obtaining medical care after being struck by a falling tree did not establish Eighth Amendment violation); *see also Mwasi v. Montoya*, 2018 WL 6133635, at *4 (C.D. Cal. Aug. 23, 2018) (collecting cases). Moreover, while Plaintiff alleges that he was eventually diagnosed with "nerve and shoulder damages," Docket No. 1-1 at 4, he has not alleged that such damage was caused by the delay in care, *cf. Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). In short, the bare allegations provided in the complaint fail to sufficiently allege facts to support a deliberate indifference claim.

Accordingly, this claim is subject to dismissal with leave to amend.

D. <u>Naming LVMPD as a Defendant</u>

The caption of Plaintiff's complaint identifies LVMPD as a Defendant,[6] but it is not listed as a named defendant on the next page. *See* Docket No. 1-1 at 1-2. Moreover, the Court has not located allegations specific to LVMPD in the complaint. Hence, it does not appear that Plaintiff is intending to bring suit against LVMPD.

Moreover, municipalities may not be held liable under a theory of *respondeat superior*. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Instead, a municipal entity may be held liable for its employees' conduct under *Monell* if the conduct was the result of (1) an expressly adopted official policy, (2) a longstanding practice or custom that constitutes the standard operating procedure of the municipality, (3) a decision of an official who was a final policymaking authority whose edicts may be fairly said to represent official policy, or (4) a municipality's failure to train its employees when the failure to train amounts to deliberate indifference to the rights of others. *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). The complaint includes no allegations that LVMPD may be sued pursuant to *Monell*.

Accordingly, LVMPD is subject to dismissal with leave to amend.

---

[6] "LVMPD" is the acronym for the Las Vegas Metropolitan Police Department.

### III. CONCLUSION

For the reasons discussed above, Plaintiff states a claim for screening purposes for excessive force against Defendant Schreiner and arresting Doe Defendant, and that claim can proceed. At this time, however, the Court will not order service for that claim given that leave to amend has been afforded on other claims.

For the reasons also discussed above, Plaintiff does not state a claim for screening purposes arising out of Defendant Hawkin's statement about false charges, alleged deliberate indifference to medical needs by Doe Defendants at Clark County Detention Center, or with respect to LVMPD. Those claims are dismissed with leave to amend. Plaintiff will have until **April 15, 2024**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to file an amended complaint may result in this case proceeding on the excessive force claim only.**

IT IS SO ORDERED.

Dated: March 12, 2024.

_____
Nancy J. Koppe
United States Magistrate Judge