UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY STEWART,<br>　　　Plaintiff,<br>v.<br>JONAH SCHREINER, et al.,<br>　　　Defendants. | Case No. 2:23-cv-00277-MMD-NJK<br>**ORDER and**<br>**REPORT and RECOMMENDATION** |

Plaintiff has filed an amended complaint, Docket No. 9, which the Court screens herein pursuant to 28 U.S.C. § 1915(e)(2). Additionally, before the Court, is Plaintiff's Motion for Copies. Docket No. 13.

**I.　STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.

Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.   ANALYSIS

After screening, Plaintiff's initial complaint was found to state a colorable claim for excessive force against Defendant Schreiner and arresting Doe Defendant. Docket No. 8 at 6. Plaintiff has now filed a first amended complaint ("FAC"). Docket No. 9. Based on the factual allegations of the FAC, Plaintiff names 7 defendants and appears to bring three claims: (1) that a Doe Defendant intake corrections officer at Clark County Detention Center ("CCDC") used excessive force in his arrest; (2) that a Doe Defendant Sergeant at CCDC was deliberately indifferent to Plaintiff's medical needs; and (3) that Defendants Jonah Lee Schreiner and Nicolette Joy Hawkins falsely arrested and imprisoned Plaintiff and caused his malicious prosecution. The FAC also identifies in its caption the City of Las Vegas and the State of Nevada as defendants without directly making claims against them. Finally, the FAC no longer contains the allegations that Defendant Schreiner used excessive force when arresting Plaintiff. The Court will screen each claim below.

### A.   Excessive Force

Plaintiff's FAC asserts a claim against John Doe intake officer for excessive force. Docket No. 9 at 5. A plaintiff states a claim under 42 U.S.C. § 1983 by alleging that a right secured by the United States Constitution or statutory law has been violated, and that the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

2

Allegations that law enforcement officers used excessive force in arresting a plaintiff may establish a violation of the Fourth Amendment. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013). Whether force used is constitutionally excessive turns on the objective reasonableness of the force used. *Id.*

Plaintiff alleges that the intake officer at CCDC, identified as John Doe, LVMPD CCDC intake officer, pushed Plaintiff's arms up between his shoulder blades, while handcuffed, with his hands up by the back of his neck causing dislocation in both shoulders. Docket No. 9 at 3-4. Plaintiff also alleges that John Doe intake officer applied his handcuffs tightly to cut into Plaintiff's wrists and cause permanent damage and pain. *Id.* Construing Plaintiff's FAC liberally and considering that this case is only at the screening stage, these allegations are sufficient to state a colorable § 1983 claim for excessive force against John Doe corrections officer.[1]

B.   Deliberate Indifference to Medical Needs

Plaintiff's FAC appears to assert claims against Sergeant John Doe and the Clark County Detention Center for deliberate indifference to Plaintiff's medical needs. Docket No. 9 at 1-7. Pretrial detainees may raise inadequate medical care claims under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). The Court evaluates these claims under an objective deliberate indifference standard. *Id.* at 1125. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

---

[1] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

*Id.* The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Id.* A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

In this case, Plaintiff alleges that he was in pain and injured from the tight cuffing and dislocation of his shoulders by Defendant John Doe. Docket No. 9 at 7. He alleges that he asked various CCDC personnel to see medical staff, and that they responded by saying "don't hit women officers" and "don't need medical attention for a fresh tatoo [sic]." *Id.* at 5. The only individual that Plaintiff asserts that he specifically asked for medical attention is Defendant Sergeant John Doe. *Id.* at 7. Plaintiff alleges that he was released from custody, without medical treatment, within forty-eight (48) hours of his arrest. *Id.* at 5. After his pain did not go away, Plaintiff alleges that he sought medical attention "after a month[.]" *Id.* at 5. He alleges that he was diagnosed with two separated shoulders. *Id.* at 6. Plaintiff also alleges, in a conclusory fashion, that he would not continue to need medical attention if he had been seen by medical staff at CCDC. *Id.* Further, Plaintiff alleges that CCDC acted negligently. *Id.*

These allegations fail to state a colorable § 1983 claim against Sergeant John Doe or CCDC. A delay in providing medical care to a prisoner does not, standing alone, typically constitute a constitutional violation. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980) (holding that three-day delay in obtaining medical care after being struck by a falling tree did not establish Eighth Amendment violation); *see also Mwasi v. Montoya*, 2018 WL 6133635, at *4 (C.D. Cal. Aug. 23, 2018) (collecting cases). Further, the third element requires Sergeant John Doe's conduct to have been "objectively unreasonable." *Gordon*, 888 F.3d at 1125. Plaintiff has not alleged actions by Sergeant John Doe that are objectively unreasonable. At best, the Court might infer that Sergeant John Doe failed to request medical assistance for Plaintiff. However, it might equally be inferred that he passed a request for medical assistance along, and other personnel failed to follow up. Additionally, Plaintiff's statement that he would not need continued medical attention for his shoulders and nerve damage in his wrists if he had been seen within forty-eight hours of the injury is conclusory. Considering Plaintiff's allegation that CCDC acted negligently in failing to provide adequate medical attention, the Court finds that these allegations fail to state

4

a colorable claim, because Plaintiff must allege "more than negligence." *Id.* Accordingly, this claim is subject to dismissal with leave to amend.

Finally, to the extent that Plaintiff attempts to sue CCDC, the Court recommends dismising any claims against CCDC with prejudice because amendment would be futile. First, Plaintiff alleges that CCDC acted negligently. Docket No. 9 at 6. However, as the Court has already found, Plaintiff must allege more than negligence. *Gordon*, 888 F.3d at 1125. Amendment would be futile because the District of Nevada has long recognized that the Clark County Detention Center is a building and not an entity subject to suit. *See Weible v. Provost*, Case No. 2:22-cv-00812-GMN-EJY, 2022 WL 16578694 at *4 (D. Nev. Sept. 27, 2022); *Ellis v. Clark County Detention Center Med.*, 2019 WL 6828296 at *2 (D. Nev. Dec. 12, 2019); *Davis v. Clark County Detention Center*, 2010 WL 3070431 at 3 (D. Nev. Aug. 4, 2010). Accordingly, the Court recommends dismissal of the claims against CCDC with prejudice.

### C. False Arrest, False Imprisonment and Malicious Prosecution

In Claim 3, Plaintiff's amended complaint asserts a claim against Defendant Hawkins and Defendant Schreiner for false arrest and false imprisonment in violation of his rights under the Fourth Amendment. Docket No. 9 at 4, 8.

To state a § 1983 claim for false arrest and imprisonment, a plaintiff must allege true facts to show that there was no probable cause to arrest him. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). "[P]robable cause exists when the arresting officer has facts within his knowledge based on trustworthy information [that] would warrant a prudent man to believe that an offense has been committed, and that the suspect committed it." *United States v. Jennings*, 468 F.2d 111, 114 (9th Cir. 1972). "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." *Id.* at 390 (internal quotation omitted). "From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* (internal quotation omitted).

Plaintiff alleges that on April 29, 2021, he was ordered from his car by Hawkins and Schreiner. *Id.* at 4. They frisked, cuffed, and questioned him. *Id.* Plaintiff denied that he was the suspect that they were looking for. *Id.* According to Plaintiff's allegations, Hawkins asked "Wouldn't it be funny to make up a list of charges and then charge him and take him to jail?" *Id.* Plaintiff was then arrested and taken to CCDC. *Id.* There was no warrant for Plaintiff's arrest. *Id.* at 8. Plaintiff alleges that there was no justification or probable cause to arrest him for a felony. *Id.* Plaintiff was then charged with six crimes. *Id.* at 4, 8. After watching Hawkins's and Schreiner's body cam footage, the court dismissed all of the charges against him. *Id.* Plaintiff alleges that Hawkins can be seen on the body cam footage planning and causing false charges to be made against him by falsely asserting Plaintiff Stewart attacked her. *Id.* at 8. These allegations are sufficient to state a colorable § 1983 claim for false arrest and false imprisonment against Defendants Hawkins and Schreiner.

To state a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted him with malice and without probable cause, and they did so for the purpose of denying him equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal quotation and brackets omitted). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought . . . against other persons who have wrongfully caused the charges to be filed." *Id.* A plaintiff seeking to bring a malicious prosecution claim "must generally establish that the prior proceeding terminated in such a manner as to indicate his innocence." *See id.* at 1068 (citing *Heck v. Humphrey*, 512 U.S. 477, 484–85 (1994) (concerning a claim of malicious prosecution). "Similar to other terminations short of a complete trial on the merits, a dismissal in the interest of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant." *Id.* (collecting cases). Plaintiff's allegations that Hawkins and Schreiner arrested him without justification, that Hawkins reported that he assaulted her falsely, and that all charges were dismissed after the court watched the body cam footage state a colorable claim under § 1983 for malicious prosecution.

6

Construing Plaintiff's claims liberally, it appears that Plaintiff is also asserting claims for false arrest, false imprisonment, and malicious prosecution under state law. Nevada law is not materially different from federal law on these claims. "To establish false imprisonment of which false arrest is an integral part, it is necessary to prove that the person be restrained of his liberty under the probable imminence of force without any legal cause or justification." *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (internal quotation and ellipses omitted). "A police officer is not liable for false arrest or imprisonment when he acts pursuant to a warrant that is valid on its face." *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1143–44 (Nev. 1983). "The facially valid warrant provides the 'legal cause or justification for the arrest, in the same way that an arrest made with probable cause is privileged and not actionable." *Id.* at 1144. The elements of a malicious prosecution claim are "(1) a lack of probable cause to commence the prior action; (2) malice; (3) favorable termination of the prior action; and (4) damages." *Lester v. Buchanen*, 929 P.2d 910, 912 (Nev. 1996). Plaintiff's allegations that there was no warrant for his arrest, that there was no probable cause, that Defendants Hawkins and Schreiner manufactured the charges against him, and that the charges were dismissed by the court are sufficient to state colorable state law claims for false arrest, false imprisonment, and malicious prosecution under state law.

### D.     Naming City of Las Vegas as a Defendant

The caption of Plaintiff's FAC identifies the City of Las Vegas as a Defendant and is listed on the next page in the Defendants' section of the FAC. *See* Docket No. 9 at 1-2. However, the FAC contains no other references to the City of Las Vegas. There are no factual allegations involving the City of Las Vegas. Hence, it does not appear that Plaintiff is intending to bring suit against the City of Las Vegas.

Moreover, municipalities may not be held liable under a theory of *respondeat superior*. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Instead, a municipal entity may be held liable for its employees' conduct under *Monell* if the conduct was the result of (1) an expressly adopted official policy, (2) a longstanding practice or custom that constitutes the standard operating procedure of the municipality, (3) a decision of an official who was a final policymaking authority whose edicts may be fairly said to represent official policy, or (4) a

7

municipality's failure to train its employees when the failure to train amounts to deliberate indifference to the rights of others. *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). The FAC includes no allegations from which the Court could conclude that Plaintiff has stated a colorable claim pursuant to *Monell*.

Accordingly, the City of Las Vegas is subject to dismissal with leave to amend.

### E.  State of Nevada

Plaintiff names the State of Nevada as a Defendant. Docket No. 9 at 1-2. States are not considered "persons" for purposes of claims brought pursuant to 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). States are also immune from federal damages claims pursuant to the Eleventh Amendment of the United States Constitution. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (*per curiam*). Accordingly, Plaintiff has not stated a colorable claim against the State of Nevada.

### F.  Motion for Copies

Plaintiff's motion for copies asks for copies of all documents that were filed after his address changed on April 2, 2024. However, no new filings other than Plaintiff's notices of change of address were filed. As a result, the Court denies the motion for copies as moot.

## III.  ORDER and RECOMMENDATION

For the reasons discussed above, Plaintiff states colorable claims for screening purposes: (1) for excessive force against Defendant John Doe intake officer; and (2) for false arrest, false imprisonment, and malicious prosecution in violation of § 1983 and Nevada State Law against Defendants Hawkins and Schreiner. Those claims can proceed. At this time, however, the Court will not order service for those claims given that leave to amend has been afforded on other claims.

For the reasons also discussed above, Plaintiff does not state a claim for screening purposes for alleged deliberate indifference to medical needs, or for any other claim, by Defendants Sergeant John Doe and the City of Las Vegas. Therefore, it is **ORDERED** those claims are dismissed with leave to amend. Plaintiff will have until **July 15, 2024**, to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original or first amended

complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. If Plaintiff files a second amended complaint it must be on the Court's approved form and Plaintiff must check the Second Amended Complaint box on the first page.

**Failure to file a second amended complaint by the deadline set above will result in the recommended dismissal of the claims and Defendants, except the excessive force claim against Defendant John Doe intake officer and the § 1983 and Nevada state law claims for false arrest, false imprisonment, and malicious prosecution against Defendants Hawkins and Schreiner.**

IT IS FURTHER ORDERED that Plaintiff's Motion for Copies, Docket No. 13, is **DENIED as moot**.

IT IS **RECOMMENDED** that Plaintiff's claims against Clark County Detention Center be **DISMISSED with prejudice.**

IT IS SO ORDERED.

Dated: June 20, 2024.

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).