1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

6   ANTHONY STEWART,

7            Plaintiff(s),

8   v.

9   JONAH SCHREINER, et al.,

10           Defendant(s).

Case No. 2:23-cv-00277-APG-NJK

**ORDER**

[Docket No. 26]

11        Pending before the Court is Plaintiff's motion to appoint counsel.  Docket No. 26.

12        A litigant does not have a constitutional right to counsel to pursue civil rights claims.  *See*

13   *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  "The court may request an attorney to

14   represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Court will request

15   an attorney for indigent civil litigants in "exceptional circumstances."  *Palmer v. Valdez*, 560 F.3d

16   965, 970 (9th Cir. 2009).  The word "exceptional" is defined as "out of the ordinary course,

17   unusual," or "rare."  *See* Oxford English Dictionary (Oxford Univ. Press 2015).  Representations

18   of an inability to retain counsel, as well as "[c]ircumstances common to most prisoners, such as

19   lack of legal education and limited law library access, do not establish exceptional circumstances

20   that warrant a request for voluntary assistance of counsel."  *E.g.*, *Boyd v. Henry*, No. 2:23-cv-

21   01022-CDS-MDC, 2024 WL 4046456, at *5 (D. Nev. May 9, 2024) ((quoting *Baker v. Macomber*,

22   No. 2:15-cv-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020)).  When

23   determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood

24   of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the

25   complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970.  "Neither of these considerations

26   is dispositive and instead must be viewed together."  *Id*.

27        In the circumstances of this case, the Court is not persuaded that requesting an attorney for

28   Plaintiff is warranted.  While Plaintiff has stated colorable claims sufficiently to proceed past the

pleading stage, Plaintiff has not yet demonstrated that evidence shows a likelihood to succeed on the merits of that claim. *Cf. Hucker v. Daub*, No. 21-cv-577 JLS (AHG), 2021 WL 2550089, at *6 (S.D. Cal. June 22, 2021) (collecting cases that stating a colorable claim is not, standing alone, sufficient to demonstrate a likelihood of success on the merits). Moreover, the claims alleged are not complex. Plaintiff has thus far shown a sufficient ability to articulate claims and arguments without the assistance of counsel.[1]

Accordingly, the motion to appoint counsel is **DENIED**.

IT IS SO ORDERED.

Dated: October 8, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The motion indicates that Plaintiff may require assistance at trial. *See* Docket No. 26 at 6. Given the procedural posture of the case, the Court addresses herein whether exceptional circumstances justify counsel for pretrial purposes. If this case proceeds past the summary judgment phase, nothing herein prevents Plaintiff from seeking at that juncture the assistance of counsel for trial purposes.