UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY STEWART,<br>         Plaintiff(s),<br>v.<br>JONAH SCHREINER, et al.,<br>         Defendant(s). | Case No. 2:23-cv-00277-MMD-NJK<br><br>**ORDER**<br><br>[Docket No. 44] |

Pending before the Court is Defendant Nicolette Joy Hawkins' motion to extend case management deadlines. Docket No. 44. Plaintiff filed a response indicating that he does not oppose the extension request, but seeking more detail on the reasons for it. Docket No. 46. Defendant filed a reply. Docket No. 48.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

This motion is a mixed bag, as some of the reasons for the extension request are more persuasive than others.[1] Particularly as the request is unopposed and in light of the family issue identified, the Court will allow the extension. With respect to the family issue, however, at some point there needs to be either resolution of that issue or accommodations made such that counsel's cases can move forward with appropriate haste. For example, it is not clear why other attorneys at counsel's law firm cannot assist with these cases if lead counsel is unavailable for extended periods of time. The Court is not inclined to continue allowing extensions on this basis *ad infinitum*, particularly where, as here, the parties have not diligently conducted discovery.

---

[1] Most significantly, that counsel is busy with other cases is <u>not</u> a basis to find good cause. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179-80 (D. Nev. 2022).

1

Accordingly, with that caveat, the Court **GRANTS** the motion to extend case management deadlines.  The Court **RESETS** deadlines as follows:

- Amend pleadings/add parties:  May 23, 2025
- Initial experts:  April 23, 2025
- Rebuttal experts:  May 23, 2025
- Discovery cutoff:  June 23, 2025
- Dispositive motions:  July 22, 2025
- Joint proposed pretrial order:  August 21, 2025, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: March 31, 2025

_____
Nancy J. Koppe
United States Magistrate Judge