UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY STEWART,<br>    Plaintiff(s),<br>v.<br>JONAH SCHREINER, et al.,<br>    Defendant(s). | Case No. 2:23-cv-00277-MMD-NJK<br>**ORDER**<br>[Docket No. 55] |

      On October 8, 2024, the Court denied Plaintiff's motion for appointment of counsel. Docket No. 29. Plaintiff has now filed another motion for appointment of counsel, Docket No. 55, which the Court construes as a motion for reconsideration.

      "Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). A motion for reconsideration may not repeat arguments already presented. Local Rule 59-1(b).

      The instant motion is a generic form that does not meet the governing standard for reconsideration. Docket No. 55 at 2. The Court notes that the certificate of service indicates further in handwriting that Plaintiff is unable to "go to the prison library as [he] need[s] to." *See id.* at 3. Plaintiff's prior motion already argued that appointment of counsel was warranted because Plaintiff is "often without access to the phone or law library adequately enough" to litigate this case. Docket No. 26 at 3. That contention has already been found to be insufficient for appointment of counsel. Docket No. 29 at 1 ("[c]ircumstances common to most prisoners, such

1

as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel" (quoting *Boyd v. Henry*, No. 2:23-cv-01022-CDS-MDC, 2024 WL 4046456, at *5 (D. Nev. May 9, 2024)).

Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated: April 30, 2025

_____
Nancy J. Koppe
United States Magistrate Judge