# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY STEWART,

    Plaintiff(s),

v.

NICOLETTE JOY HAWKINS, et al.,

    Defendant(s).

Case No. 2:23-cv-00277-MMD-NJK

**ORDER**

[Docket No. 53]

Pending before the Court is Plaintiff's motion for leave to further amend his complaint. Docket No. 53.[1]

The motion is not well-developed and effectively recites the factual allegations Plaintiff would like to lodge against a new defendant (Sergeant Ortiz) without providing any argument as to the propriety of amendment. *But see* Docket No. 42. The Court is mindful, however, that Plaintiff alleged an excessive force claim against an officer who was named as a John Doe intake officer within Clark County Detention Center. *See, e.g.*, Docket No. 14 at 2-3.[2] Hence, it may be that Plaintiff is not actually seeking to amend his complaint with new factual allegations but, rather, that Plaintiff seeks to substitute Sergeant Ortiz in the place of John Doe Intake Officer.

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] The docket is not a model of clarity. To be clear, there are different claims with apparently different doe defendants: (1) an excessive force claim against a "John Doe Intake Officer," a claim that the Court determined could proceed past screening, *see, e.g.*, Docket No. 15 at 2, and (2) a deliberate indifference claim against Sergeant John Doe, a claim that has been dismissed as insufficiently pled, *see, e.g.*, Docket No. 15 at 2; Docket No. 20 at 2. To that end, the first amended complaint separately names a John Doe Intake Officer as the fifth defendant, Docket No. 9 at 2, and a Sergeant John Doe as the sixth defendant, *id.* at 3. The instant motion appears to name the John Doe Intake Officer as "Sergeant Ortiz," Docket No. 53 at 1, and does not identify the now-dismissed "Sergeant Doe Defendant," *id.* at 2.

1

Given the lack of clarity, the instant motion is **DENIED** without prejudice. If Plaintiff seeks to substitute Sergeant Ortiz in the place of John Doe Intake Officer with respect to his excessive force claim, Plaintiff must file a motion clearly stating that request.

IT IS SO ORDERED.

Dated: April 30, 2025

                                                                              Nancy J. Koppe
United States Magistrate Judge