# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANTHONY STEWART,

     Plaintiff(s),

v.

NICOLETTE JOY HAWKINS, et al.,

     Defendant(s).

Case No. 2:23-cv-00277-MMD-NJK

**ORDER**

[Docket No. 54]

     Pending before the Court is Plaintiff's motion requesting the Las Vegas Metropolitan Police Department ("LVMPD") to file the last known address of Defendant Schreiner under seal. Docket No. 54.[1]  No response was filed.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.

     Plaintiff attempted service once on Defendant Schreiner through LVMPD.  *See* Docket No. 19.  Because Defendant Schreiner is no longer employed by LVMPD, however, service was not effectuated.  *See id.*  Plaintiff's current motion seeks information from LVMPD as to Defendant Schreiner's current address to attempt service again.  *See* Docket No. 54 at 1.[2]

     LVMPD is not a party to this case, so Plaintiff's request is more naturally considered as seeking a subpoena for the information sought.  *See McGee v. Cnty. of Riverside*, 2022 U.S. Dist. Lexis 193707, at *2 (C.D. Cal. Oct. 21, 2022).  While such a subpoena is potentially available to Plaintiff, parties have a duty to avoid unnecessary service expenses, Fed. R. Civ. P. 4(d)(1), and courts generally refrain from utilizing the subpoena process for similar types of information when

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] No explanation is provided as to why Plaintiff is seeking Defendant Schreiner's banking information, *see id.*, so that request will be denied.

opposing counsel may readily provide it, *see, e.g.*, *Picozzi v. Clark Cnty. Det. Ctr.*, 2016 U.S. Dist. Lexis 152607, at *5-6 (D. Nev. Nov. 2, 2016); *McGee*, 2022 U.S. Dist. Lexis 193707, at *2.

To expedite resolution of the case on its merits and in lieu of directing issuance of a subpoena *duces tecum*, the Court will direct counsel for Defendant Hawkins to investigate whether LVMPD has a last known address for Defendant Schreiner. *See id.* at *6. Counsel must file a notice on the public docket identifying whether LVMPD has such information. If LVMPD does have such information, counsel must file under seal the last known address for Defendant Schreiner by June 11, 2025. Doing so will protect the confidential information of law enforcement personnel, while providing sufficient information for the United States Marshals Service to attempt service again. If contact information is provided by counsel, Plaintiff must file a motion requesting an order for the Marshals Service to attempt service again. Plaintiff must file this motion by June 25, 2025.

As stated above, the Court **GRANTS** Plaintiff's motion requesting the LVMPD to provide the last known address of Defendant Schreiner to the Court under seal. The deadline to effectuate service is **EXTENDED** to July 30, 2025.

IT IS SO ORDERED.

Dated: May 28, 2025

_____
Nancy J. Koppe
United States Magistrate Judge