UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Stewart,<br>    Plaintiff(s),<br>v.<br>Nicolette Joy Hawkins, et al.,<br>    Defendant(s). | Case No. 2:23-cv-00277-MMD-NJK<br><br>**ORDER;**<br>**REPORT AND RECOMMENDATION**<br><br>[Docket Nos. 78, 83] |

Pending before the Court is a Rule 4(m) notice as to why the case should not be dismissed for lack of service as to Defendant Jonah Lee Schreiner. Docket No. 78. Plaintiff responded by filing a motion requesting that the Las Vegas Metropolitan Police Department ("LVMPD") provide additional contact information for Defendant Schreiner. Docket No. 83.[1] Defendant filed a response. Docket No. 84. No reply was filed.

**I.    BACKGROUND**

This case was initiated by Plaintiff, who is a *pro se* prisoner. On March 28, 2024, Plaintiff filed a first amended complaint. Docket No. 9. Following the screening process, the case proceeded against named Defendants Jonah Lee Schreiner and Nicolette Joy Hawkins. On August 19, 2024, the Court ordered Plaintiff to effectuate service on Defendants Schreiner and Hawkins by November 18, 2024. *See* Docket No. 16 at 2. The Court made clear therein that, if service proved unsuccessful, it was Plaintiff's responsibility to file a motion identifying some other means by which service might be achieved:

> If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

*Id.* at 2. Plaintiff attempted service through LVMPD, which was successful as to Defendant Hawkins and unsuccessful as to Defendant Schreiner. *See* Docket Nos. 18, 19.

Defendant Hawkins filed an answer, Docket No. 21, and the case proceeded forward. As to Defendant Schreiner, however, Plaintiff did not file the required motion for additional service efforts. On January 13, 2025, the Court issued a notice of potential dismissal of Defendant Schreiner pursuant to Rule 4(m). Docket No. 39. On February 11, 2025, Plaintiff responded to that notice by filing a motion to extend the service deadline. Docket No. 44. On March 31, 2025, the Court granted that motion and extended the service deadline to May 23, 2025. Docket No. 50. In so doing, the Court cautioned Plaintiff that further extensions would not be granted absent robust service efforts. *Id.* at 1. The Court further reminded Plaintiff that he was required to file a motion explaining how service could be effectuated on Defendant Schreiner. *Id.* (explaining that Plaintiff must file a motion "identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted").

On April 29, 2025, Plaintiff filed a motion requesting that LVMPD release information as to Defendant Schreiner's whereabouts under seal. Docket No. 54. On May 28, 2025, the Court construed that motion as seeking a subpoena to non-party LVMPD as to Defendant Schreiner's whereabouts. *See* Docket No. 58 at 1-2. No opposition to the motion having been filed and given the circumstances, the Court afforded defense counsel the opportunity to investigate whether LVMPD had a last known address for Defendant Schreiner and to file that information under seal. *See id.* at 2. The Court also extended the service deadline to July 30, 2025. *Id.*

On June 10, 2025, the defense filed the last known address for Defendant Schreiner under seal. *See* Docket No. 60; *see also* Docket No. 59. On July 7, 2025, Plaintiff filed a motion requesting further service efforts on Defendant Schreiner by the United States Marshals Service. Docket No. 63. On July 14, 2025, the Court granted that motion and ordered service be completed by August 13, 2025. Docket No. 64. On July 24, 2025, the summons was returned unexecuted because the identified address was unoccupied, and Defendant Schreiner could not be located. *See* Docket No. 77.

On August 18, 2025, the Court issued another notice of potential dismissal of Defendant Schreiner pursuant to Rule 4(m). Docket No. 78. That is the matter currently before the Court, along with Plaintiff's related motion seeking more contact information for Defendant Schreiner from LVMPD. Docket No. 83.

As to the case more generally, discovery is closed and the deadline to file dispositive motions has expired. *See* Docket No. 49. Defendant Hawkins has filed a motion for summary judgment. Docket No. 67.

## II.   STANDARDS

In a case involving a plaintiff proceeding *in forma pauperis*, service on the defendant may be attempted on the plaintiff's behalf by the United States Marshals Service. *See, e.g.*, Docket No. 16 at 1-2. Nonetheless, it is ultimately the plaintiff's responsibility to obtain an address at which the defendant may be served by the Marshal. *See, e.g.*, *Bivins v. Ryan*, Case No. CV-12-1097-PHX-ROS (LOA), 2013 WL 2004462, at *3 (D. Ariz. May 13, 2013). Moreover, when the Marshal is not able to effectuate service based on the information provided, the plaintiff must seek further relief to remedy that situation. *See, e.g.*, *Himmelberger v. Vasques*, Case No. 98–20929 RMW (PR), 2009 WL 1011733, at *1 (N.D. Cal. Apr. 15, 2009). While the Court has a duty to construe the filings of a *pro se* litigant liberally, it does not act as his attorney and cannot make decisions on his behalf regarding how his case should proceed. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("judges have no obligation to act as counsel or paralegal to *pro se* litigants").

When a plaintiff has had ample time to effectuate service and has been given instruction on how to go about doing so, dismissal may be warranted if the plaintiff still has not established any potential means by which to effectuate service. *See, e.g.*, *Gibbs v. Fey*, Case No. 2:15-cv-01958-GMN-NJK, 2017 WL 8131473, at *4 (D. Nev. Nov. 14, 2017) (collecting cases), *objections overruled*, 2018 WL 1157544 (D. Nev. Mar. 2, 2018), *recon. denied*, 2019 WL 13249692 (D. Nev. Mar. 15, 2019).

## III.   ANALYSIS

The time to serve Defendant Schreiner began more than a year ago. *See* Docket No. 16. Service was attempted twice on Defendant Schreiner, neither of which was successful. As the

3

Court has already made clear on multiple occasions, it is ultimately Plaintiff's responsibility to advance a feasible means by which service can now be effectuated. More specifically, Plaintiff must file a motion "identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted." Docket No. 50 at 1; *accord* Docket No. 16 at 2.

Despite ample time, Plaintiff has not provided a better address for Defendant Schreiner or proffered some other means of service that might be successful. Instead, Plaintiff responded to the pending Rule 4(m) notice with another motion asking the Court to order non-party LVMPD to find and provide information as to Defendant Schreiner's whereabouts. *See* Docket No. 83. The Court has already gone down this path, Docket No. 58, and LVMPD already provided a last known address for Defendant Schreiner, Docket Nos. 59, 60. Plaintiff offers no explanation as to why any different result should be expected the second time around. Moreover and significantly, Plaintiff's request appears premised on an underlying misunderstanding that the Court will act as a private investigator to use information provided by LVMPD to locate Defendant Schreiner.[2] As "judges have no obligation to act as counsel or paralegal to *pro se* litigants," *Pliler*, 542 U.S. at 231, the Court declines the request to itself try to find Defendant Schreiner's location.

Given the lengthy period of time allotted for service, the lack of any proffered means by which to attempt service on Defendant Schreiner at this juncture, and the current procedural posture of the case (i.e., post-discovery and with a motion for summary judgment pending), the Court finds that a further extension of the service deadline is not warranted and that Defendant Schreiner should be dismissed pursuant to Rule 4(m). *See, e.g.*, *Gibbs*, 2017 WL 8131473, at *4.

## IV.   CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that Defendant Schreiner be **DISMISSED** pursuant to Rule 4(m). For the reasons also discussed above, the Court

---

[2] By way of example, Plaintiff asks LVMPD to file under seal Defendant Schreiner's cell phone number and banking information. *See* Docket No. 83 at 1. Plaintiff does not explain how this information being filed under seal will in and of itself shed light on how to serve Defendant Schreiner. The Court assumes Plaintiff is envisioning that the Court would take this information to itself attempt to find Defendant Schreiner.

4

**DENIES** Plaintiff's pending motion requesting that LVMPD provide additional contact information for Defendant Schreiner. Docket No. 83.

IT IS SO ORDERED.

Dated: September 24, 2025

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).