UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY STEWART, | Case No. 2:23-cv-00277-MMD-NJK |
| Plaintiff, | ORDER |
| v. | |
| JONAH SCHREINER, *et al.*, | |
| Defendants. | |

### I.    SUMMARY

Pro se Plaintiff Anthony Stewart brings a civil rights action under 42 U.S.C. § 1983 alleging several Defendants[1] violated his Fourth, Eighth, and Fourteenth Amendment rights. (ECF No. 9.) Before the Court is Defendant Nicolette Joy Hawkins' motion for summary judgment.[2] (ECF No. 67 ("Motion").) For the reasons discussed herein, the Court grants the Motion.

---

[1]Defendants named in the First Amended Complaint ("FAC") are the City of Las Vegas, Clark County Detention Center ("CCDC"), LVMPD Officer Nicolette Joy Hawkins, LVMPD Officer Jonah Lee Schreiner, John Doe LVMPD Intake Officer, John Doe LVMPD Corrections Sergeant at CCDC, and the State of Nevada. (ECF No. 9.) The Court subsequently dismissed claims against CCDC and the State of Nevada. (ECF No. 20.) The Court also dismissed Officer Schreiner without prejudice for failure to file proof of service under Rule 4(m). (ECF No. 85.) Plaintiff has not sought to substitute John Doe LVMPD Intake Officer, and the time to do so has long expired. (ECF No. 49 at 2 (setting May 23, 2025 as deadline to amend pleadings/add parties).) The Court will therefore dismiss Defendant John Doe LMPD Intake Officer without prejudice.

[2]Plaintiff filed an opposition (ECF No. 100) and Hawkins filed a reply (ECF No. 101). Plaintiff recently filed a motion for extension of time to respond to Hawkins' reply, citing issues he has experienced while in custody that interfered with his access to the courts. (ECF No. 103.) The Court denies the motion because response to a reply is not permitted without leave of court. *See* LR 7-2(b). Moreover, the Court finds such a response is not necessary here. The Court will direct copy of ECF No. 101 be sent to Plaintiff.

## II.    RELEVANT BACKGROUND[3]

Stewart's claims against Defendant Hawkins stemmed from an incident on April 29, 2021 at about 18:30 on the corner of Edison and Paradise in Las Vegas. (ECF No. 9 at 4.) The LVMPD police report of the incident indicated that on that at about 1900 hours, Officers Hawkins and Schreiner were in a marked patrol vehicle when they observed "a black male adult wearing a white t shirt, red shorts, red shoes, bald with a beard and multiple tattoos and short in stature, loitering in front of the Crown Liquor located on 605 E Twain Ave, and litter by throwing a piece of trash on the sidewalk." (ECF No. 67-1 at 2-3 ("Police Report").) They were about to conduct another stop, so they did not pursue the individual then; when they later returned to the location, the individual had left. (*Id.* at 3.) At about 2040 hours, the two officers were traveling on Paradise Road towards Edison Street when they "observed two black male adults loitering on Mardi Gras Hotel property." (*Id.*) One of the individuals "matched the same descriptors" of the male individual they saw earlier. (*Id.*) When the two individuals saw the patrol vehicle, they "walked off the property and to the sidewalk." (*Id.*) The two officers conducted a stop on the individual in red shorts "under reasonable suspicion that he was loitering on multiple properties in the area, where signs were conspicuously displayed" warning against trespass; and "the properties are located in an area known for high rates in violent crime, and also drug trafficking." (*Id.*)

Stewart alleges that LVMPD patrol vehicle at the traffic light stopped and Hawkins and Defendant Schreiner ordered Stewart to come to the hood of the patrol vehicle. (ECF No. 9 at 4.) They "frisked, cuffed [and] slammed [Stewart's] face first onto the hood of the patrol car."[4] (*Id.*) They arrested Stewart "without a warrant, without justification," and

---

[3] The following facts are undisputed unless otherwise noted. Additionally, the Court recounts only allegations relevant to the claims against Hawkins.

[4] The Police Report stated that "Stewart was immediately hostile towards officers, and began yelling over Officers and pulling away from their grip multiple times." (ECF No. 67-1 at 3.)

Hawkins falsely claimed that Stewart assaulted her, forcing him to appear in three court appearances and answered for "false and malicious charges" which were later dismissed.[5] (*Id.* at 4, 8.)

Following screening under 28 U.S.C. 1915, the Court permitted Stewart to proceed with his third claim for relief against Defendants Hawkins and Schreiner in connection with Stewart's arrest. (ECF No. 20 at 2.) The Court adopted the Magistrate Judge's recommendation, finding that Stewart states a claim for violation of his Fourth Amendment rights and for false arrest, false imprisonment and malicious prosecution under state law. (*Id.*; ECF No. 14 at 5, 7.)

### III.   DISCUSSION

Defendant asserts arguments on the merits—that the involved officers had reasonable suspicion to conduct a stop and then probable cause to arrest Stewart—to seek summary judgment under Federal Rule of Civil Procedure 56.[6] (ECF No. 67 at 4-9, 11.) She alternatively argues that she is entitled to qualified immunity and discretionary-act immunity under state law. (*Id.* at 4, 11-12.) The Court agrees with Defendant as to her merits argument and declines to address her immunity defenses. The Court will first address Stewart's claim under the Fourth Amendment and then under state law.

//

//

---

[5]The Police Report stated that Plaintiff was charged with multiple offenses, including "Dispose of Garbage NRS 444.630.1A," "Obstruct a Public Officer," "Battery on a Protected Person" (for allegedly striking Hawkins on the chin during the arrest) and "Ex-Felon fail to register." (ECF No. 67-1 at 3.)

[6]Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### A.    Fourth Amendment

A plaintiff may bring a claim for false arrest or false imprisonment under § 1983 by alleging a violation of their Fourth Amendment right to be free from unreasonable seizure of their person. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923-25 (9th Cir. 2001). A warrantless investigatory stop or encounter does not violate the Fourth Amendment if the officers have "reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). "In deciding whether a stop was supported by reasonable suspicion, the court must consider whether 'in light of the totality of the circumstances, the officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (quoting *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007)). But "[t]he reasonable-suspicion standard is not a particularly high threshold to reach." *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013). The reasonable suspicion analysis "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 418 (1981)). While a hunch is not enough, reasonable suspicion is a lower bar than probable cause, and a much lower bar than a preponderance of the evidence. *See id.* at 274.

Here, Defendant offered the following to argue that the officers had reasonable suspicion to conduct an investigatory stop. At 1900 hours, while patrolling in a marked vehicle the officers observed Stewart "loitering" in front of a business and observed him "litter by throwing a piece of trash on the sidewalk." (ECF No. 67-1 at 2-3.) They later "observed two black male adults loitering on Mardi Gras Hotel property," one of whom matched the descriptors for the individual who they observed earlier. (*Id.* at 3.) When the two individuals saw the patrol vehicle, they "walked off the property and to the sidewalk." (*Id.*) The properties where the officers observed Stewart had signs displayed with "No

Trespassing NRS 207.200"[7] and "are located in an area known for high rates in violence crime, and also drug trafficking." (*Id.*) Based on these reasons, the officers noted they conducted a stop "under reasonable suspicion that [Stewart] was loitering on multiple properties in the area."[8] (*Id.*) Based on the totality of the circumstances, Defendant has offered evidence supporting that the officers had "particularized and objective basis for suspecting [Stewart] of criminal activity." *Basher,* 629 F.3d at 1165.

Stewart argues that Defendant did not have reasonable suspicion to conduct the stop, suggesting there was no "criminal activity . . . afoot" for "something so minimal as a citation, especially in an area alleged to have a high crime rate."[9] (ECF No. 100 at 4.) He insists that he "was racially profiled." (*Id.*) However, Stewart does not dispute the evidence offered in the Police Report: officers saw an individual who was "loitering" in front of a business "litter by throwing trash on the sidewalk," and they later saw an individual matching the description of the person they saw earlier "loitering" in front of another property who walked off when they saw the officers. (ECF No. 67-1.) Accordingly, Stewart fails to show a genuine issue of material fact as to the factors Defendant considered to form reasonable suspicion for conducting the investigatory stop of Stewart. For this reason, the Court grants summary judgment on Stewart's Fourth Amendment claim challenging the investigatory stop as lacking reasonable suspicion.

The Court next turns to Stewart's Fourth Amendment claim challenging his arrest.

---

[7]NRS § 207.200(1)(b) provides, in pertinent part, that anyone who goes on or remains on property "after having been warned . . . not to trespass [] is guilty of a misdemeanor." The posting of "no trespass" signs at certain intervals and locations may be sufficient warning. NRS § 207.200(2).

[8]The officers noted in the Police Report that because Plaintiff "had admitted to littering" and "he matched the physical descriptors of the subject we saw litter," they charged Plaintiff with "Dispose of Garbage NRS § 444.630.1A." (ECF No. 67-1 at 3.) NRS § 444.630(1)(a) provides, in pertinent part, that anyone who "places . . . any solid waste . . . in or upon any street . . is guilty of" a misdemeanor.

[9]While arguing lack of reasonable suspicion for the stop, Plaintiff also states that "Hawkins doesn't get to claim qualified immunity for conducting a legal stop and acting illegally in very other way." (ECF No. 100 at 5.)

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001) (citation omitted). "Probable cause for a warrantless arrest exists if 'under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime.'" *United States v. Fixen*, 780 F.2d 1434, 1436 (9th Cir. 1986) (internal quotations omitted).

As Defendant points out, during a records check after the officers stopped Stewart, they learned that Stewart was a convicted person who was required to register and update his address, but his address on record did not match the address updated in 2008 with the address on his Nevada ID Card as of 2009. (ECF No. 67-1 at 3.) Accordingly, the officers charged him with "Ex-felon fail to register NRS 179C.100." (*Id.*) Defendant argued the officers properly developed probable cause to arrest him for this offense, for trespassing and other offenses.[10] Again, Stewart does not dispute the evidence about the record check or his failure to update his registration. Instead, Stewart seems to challenge his treatment and claim of "excessive use of force" after his arrest. (ECF No. 100 at 5.) However, Stewart's claims against Hawkins do not involve use of excessive force.

In sum, the Court finds Defendant met her burden on summary judgment in presenting evidence that the officers had reasonable suspicion to conduct an investigatory stop and probable cause to arrest Stewart. Stewart fails to offer evidence to

---

[10]The Motion argues Defendant had probable cause to arrest for other alleged offenses, including resisting a public officer and obstructing a public officer, based on Plaintiff being "combative, uncooperative, . . . even attempted to evade" Defendant and her partner. (ECF No. 67 at 9.)  Plaintiff disputes the allegation that he "assaulted one of their female officers" and asserts that the video does not support Defendant's claim. (ECF No. 100 at 5.) The bodycam shows Plaintiff arguing and initially pulling his left arm away as the officers were trying to restrain him and an apparently female voice saying, "don't pull at me." (ECF No. 67-2 at 3:41:50 to 3:41:53.) In any event, any dispute as to whether Plaintiff "assaulted" Hawkins is immaterial for purposes of Hawkins' Motion. The Court's finding that Defendant offered undisputed evidence of probable cause for Plaintiff's arrest does not rely on the charges relating to resisting public officer and obstructing a public officer.

create a genuine issue of material fact. *See Anderson*, 477 U.S. at 256. Accordingly, the Court agrees with Defendant that summary judgment on Stewart's Fourth Amendment claim is warranted.

### B. State Law Claim

The Court's finding that Defendant had probable cause to arrest Stewart also affects Stewart's state law claim for false imprisonment and malicious prosecution. This is because these claims are premised on the absence of probable cause, and the Court has already found that Defendant had a probable cause to arrest Stewart. *See Hernandez v. City of Reno,* 634 P.2d 668, 671 (Nev. 1981), quoting *Marschall v. City of Carson,* 464 P.2d 494 (Nev. 1970) ("To establish false imprisonment of which false arrest is an integral part, it is ... necessary to prove that the person be restrained of his liberty under the probable imminence of force without any legal cause or justification."); *Coleman v. Las Vegas Metro. Police Dep't*, 730 F. Supp. 3d 1097, 1116 (D. Nev. 2024) (quoting *Thompson v. Clark*, 596 U.S. 36, 44, 49 (2022)) (to prevail on a claim of malicious prosecution, a plaintiff "must establish that the charges against him were 'instituted without any probable cause'"); *Lassiter v. City of San Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) ("probable cause is an absolute defense to malicious prosecution."). For these reasons, the Court grants the Motion as to the state law claim.

### IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant Nicolette Joy Hawkins' motion for summary judgment (ECF No. 67) is granted.

It is further ordered that Stewart's motion for extension of time (ECF No. 103) is denied.

It is further ordered that the Clerk of Court send Stewart a copy of Defendant's reply brief (ECF No. 101).

It is further ordered that Defendant John Doe LVMPD Intake Officer is dismissed without prejudice.

It is further ordered that the Clerk of Court enter judgment in Defendant's favor in accordance with this order and close this case.

DATED THIS 9th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE